**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DERRICK LOFTIS, et. al.,** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No. PJM 03-3546 |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

The United States has filed a Motion to Alter or Amend Judgment or For Partial Relief From Judgment [Paper No. 123] seeking an adjustment to the award in favor of Destin Loftis that the Court made in its oral opinion on December 22, 2006. Renita Loftis, individually and on behalf of Destin, opposes the Motion. The Court GRANTS the Motion.

I.

At the close of a two week bench trial, the Court found that doctors employed at Roosevelt Roads Naval Hospital in Puerto Rico had negligently failed to diagnose and treat Destin Loftis for hyperbilirubenemia in the days following his birth on September 20, 2001, in consequence of which Destin was left with profound mental and physical disabilities and the need for permanent care. In its oral opinion, the Court awarded Destin, his mother Renita Loftis, and his father Derrick Loftis a total of $8,576,373.00 allocated as follows:

    A. To Destin Loftis For:

        1. Home Care Until Age 22        $1,713,308

        2. Group Home Care Until Age 40    $4,035,186

|  |  |  |
|---|---|---|
| 3. Lost Earnings | $727,879 | |
| 4. Pain and Suffering | $1,000,000 | |
| | Total to Destin Loftis | $7,476,373 |

B. To Renita Loftis For:

|  |  |  |
|---|---|---|
| 1. Solatium Loss | $1,000,000 | |
| | Total to Renita Loftis | $1,000,000 |

C. To Derrick Loftis For:

|  |  |  |
|---|---|---|
| 1. Solatium Loss | $100,000 | |
| | Total to Derrick Loftis | $100,000 |
| | Total to All Plaintiffs | $8,576,373 |

The issue of Destin's life expectancy was central to the Court's determination of damages. Plaintiffs argued that despite his disabilities Destin could be expected to have a normal life expectancy for his race and gender, approximately 64 years of age, while Defendants urged the Court to find that Destin would live to an age between 22 and 29 years. The Court decided upon a life expectancy of 40 years.

D	In addition, the Court found that Destin should receive home care from his mother until the age of 22. Recognizing that the burden of caring for a severely disabled grown child at home might cause a parent to seek placement of the child in an institution, the Court assumed that Destin's mother would place him in a group home at age 22. The Court thus awarded Destin $1,713,308 to cover the cost of home care until age 22 and $4,035,186 toward the cost of Group Home Care from age 22 to age 40. In arriving at these figures, the Court expressly stated that it was

relying entirely upon projections submitted by the Government's economic expert Thomas Grogan, CFE.

II.

In its Motion to Alter or Amend Judgment or for Partial Relief From Judgment, the Government argues that the Court misread Grogan's report and therefore awarded more money for Destin's group home care than it intended. Specifically, the $4,035,186 figure that the Court awarded in fact appeared in a column labeled "cumulative" in a table presented in Grogan's report. That amount represented the cumulative cost of Destin's home care until age 22 plus group home care until age 40. Thus, when the Court awarded both $4,035,186 for group home care and also $1,713,308 for home care, it inadvertently awarded $1,713,308 for home care twice.

Renita Loftis does not deny that the $4,035,186 figure in Grogan's report includes the $1,713,308 for home care. Rather, she argues that the Court did not intend to adopt Grogan's findings completely, but that the $4,035,186 awarded for group home care represented a compromise between the home care cost estimate supplied by Grogan and that offered by Plaintiffs' economic expert.

The Government is correct. The Court intended to adopt Grogan's estimates as to the home care and group home care costs in full. It did not mean to award an amount for group home care costs that expressed a compromise between the parties' positions. At the time of its oral opinion the Court erred in awarding $4,035,186 to Destin Loftis. Instead, $4,035,186 should have been awarded for both Destin's home care cost until age 22 *and* his group home cost until age 40. Accordingly, the amount of the judgment that the Court in its oral opinion stated in favor of Destin must be reduced by $1,713,308. That would result in a net judgment to Destin of $5,763,065.

III.

For the foregoing reasons, the Court GRANTS the United States of America's Motion to Alter or Amend Judgment or For Partial Relief From Judgment [Paper No. 123].

 

January 18, 2007

                /s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE